Bowen, J.
An information was filed in the probate court on the-7th of April, 1856, charging the defendant, Starkey, with stealing a. bank-bill of the denomination and value of five dollars. Not guilty was pleaded, and the trial of the issue, submitted to the-judge of the court, who found defendant guilty, and also found the value of the property stolen to be $4.50, and assessed a fine of $20-against the defendant, and ordered him to pay the costs, and to restore twofold of the amount stolen.
The probate judge signed a bill of exceptions tendered by the-defendant; from which it appears that on the 3d of March, 1856, the defendant stole a bank-note of the denomination of five dollars, issued by the Interior Bank of Georgia, and not made payable at any bank within this state; and that the felonious taking of said note was the cause of his arrest, and of the filing of the information against him.
It is claimed by the defendant that he was wrongfully found, guilty of the larceny imputed to him, and that he should have a writ of error to reverse the proceedings of *the probate judge. [268 He assumes that a person is not guilty of larceny in its legal sense, unless the thing stolen has gome actual legal value. This proposition is undoubtedly true, and does not seem to have been disputed by the court which tried the case; yet it was found that the stolen property was of value. We are referred, in support of the application, to the act to prohibit the circulation of foreign bank-bills of a less denomination than ten dollars, passed May 1, 1854. Swan’s Stat. of 1854, p. 116.
The second section of this act provides: 11 That all bank-bills of a. less denomination than ten dollars, unless issued by, and made payable at one of the banks of this state, in accordance with the laws-of this state, shall not, directly or indirectly, be paid out or received in payment of any tax, debt, judgment, decree, fine, or amercement, or other demand whatever; and all such unlawful paper shall beheld in this 'state to be worthless; and all contracts in relation thereto null and void; and any disbursements, or payments, or exchange for other property of value, made, or attempted to be made therewith, of no effect whatever.”
If the effect of this section be to divest foreign bank-bills of their-value, within this state, and to remove entirely from them, as property, all protection of the law, then it must follow that depredations-against the owners of them must go unpunished. Such, however,. *269, 270 ■we think, was not the intention of the law. It makes the employment of the paper, as a Circulating medium, and as the predicate •of contracts, worthless. It was sought by it to protect the public against what was supposed to be an evil of much mischevious tendency, and at'the same time to secure to the holders of such-notes their property therein, but to impose restrictions against the right -of passing them as money in the ordinary and usual business transactions. It was not intended that if an individual should 269]- *be robbed of, or have stolen from him the bank-notes of .another state, he should be without remedy against the aggressor, and denied the rights of property therein, and of the value thereof, •■simply because they purport, in amounts, to be below the denomination of ten dollars. Such absurdity is not justly chargeable upon the law. The section quoted will not warrant that construction, when considered by itself alone. But the first section of the same .act provides that “ the mere transfer or receiving such unlawful paper bona fide, for the purpose of sending it out of this state for redemption, shall not be deemed a violation of the act.” Thus we ■see that property in the paper is not extinguished. It is expressly ¡saved for one purpose; and from necessity in strict harmony with the law, when not used in contravention of its clearly expressed ■•object, it must continue to be property possessing value, as well within as without the state, for a violation of which, in the hands •of a lawful holder of it, the penalties of larceny may attach.
The writ is denied.
Bartley, C. J., and Swan, Brinkerhoee, and Scott, JJ., con ■curred.